UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CR-00494 |
| | ) | |
| LAMAR MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT**

COMES NOW, Defendant Lamar Miller, by and through counsel, and objects to the following facts and analysis of said facts provided in the Pre-Sentence Investigation Report:

1. Defendant Lamar Miller objects to paragraph 37. The probation office has assessed one criminal history point to the matter referred to in this paragraph. It is Defendant's position that no points should be received for this case because there is no showing that Defendant was either represented by counsel or that he waived his right to be represented by counsel for this specific offense. According to paragraph 37, Defendant was sentenced to 11 months and 29 days in custody. Although this sentence was suspended, the Sixth and Fourteenth Amendments to the United States Constitution requires either representation by counsel or a knowing, intelligent, and voluntary waiver of counsel. *Scott v. Illinois*, 440 U.S. 367, 374 (1979). "This right applies to the states through the Due Process Clause of the Fourteenth Amendment." *Murray,* 469 S.W.3d at 926 (quoting *Faretta v. California,* 422 U.S. 806, 814, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). For a waiver of counsel to be effective, due process requires that the waiver be made knowingly and

intelligently." *State v. Hunter,* 840 S.W.2d 850, 857 (Mo. banc 1992) (citing *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525). Missouri Supreme Court Rule 31.02 states what is required for a waiver of counsel in circuit court and Rule 37.589(c) and (d) provides the requirements for a waiver of counsel in municipal court. Both rules require an inquiry into whether the plea is knowing, voluntary and intelligently given and a municipal court proceeding requires any waiver of counsel to be in writing. Defense counsel has requested a copy of the certified records from the municipal court of Bartlett, Tennessee, but said records have not been received as of this date. Rule 44 of the Tennessee Rules of Criminal Procedure also requires that before accepting a waiver of counsel, a court must make an inquiry and then any waiver must be written and in the record. Attached hereto as Exhibit 1. Tennessee courts have similarly interpreted this rule.

2. Defendant objects to paragraph 41 in that includes the one point for the conviction in paragraph 37. Based on the aforesaid reasons, it is Defendant's position that the subtotal criminal history score should be two.

3. Defendant objects to paragraph 42 in that it proposes the addition of two points for committing the instant offense while under a criminal justice sentence for the conviction in paragraph 37. Based on the aforesaid reasons, it is Defendant's position that no additional points should be added.

4. Defendant objects to paragraph 43 in that it proposes a total criminal history score of five and establishing a criminal history category of III. For the reasons stated in paragraphs 1, 2 and 3, Defendant's position is that his total criminal history is two placing him in criminal history category II.