UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CR-494 AGF |
| | ) |
| LAMAR MILLER, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through Jeffrey B. Jensen, the United States Attorney for the Eastern District of Missouri and Anthony L. Franks, Assistant United States Attorney for said District, and for its Response to Defendant Lamar Miller's (Defendant) Objections to the Presentence Investigation Report states as follows:

**I.     Introduction**

Defendant has filed objections to the Presentence Investigation Report (PSR). (Doc. 32). He contends that the U.S. Probation Department (Probation) has incorrectly applied criminal history points to his 2017 conviction in Tennessee for unlawful possession of a controlled substance. (Doc. 32). Defendant argues that it is unclear whether he had counsel or waived his right to counsel in that case. *Id*. The Court should overrule this objection because defendant has

1

failed to rebut the presumption that he was afforded the right to counsel, or that he waived his right to counsel.

## II. Defendant Has Not Rebutted the Presumption That He Was Afforded The Right to Counsel or That He Waived His Right to Counsel

Probation assessed one criminal history point for defendant's 2017 Tennessee unlawful possession of a controlled substance conviction. (PSR, ¶ 37). Probation added two points to defendant's criminal history because defendant committed the instant offense while he was on probation for the above-mentioned Tennessee conviction. (PSR, ¶ 42). Defendant also has two convictions for possession of marijuana that warrant application of two criminal history points. (PSR, ¶¶ 35, 38). Based upon these calculations, defendant's criminal history score is five, and his criminal history category is III. (PSR, ¶ 43).

Defendant asks this Court not to apply the three criminal history points associated with his 2017 unlawful possession of a controlled substance conviction; he argues that it is unclear whether he was represented by counsel or waived his right to counsel in that case. (Doc. 32). The Court should overrule this objection because under Tennessee law the court there was required to afford defendant the right to counsel or allow him to waive his right to counsel. Specifically, Tennessee law mandates that no person can enter a plea in a criminal prosecution that involves a possible deprivation of liberty if that person is not represented by counsel, unless such person waives that right and does so in writing. T.C.A. § 8-14-106 (2016). (Ex. 1). Further, if the defendant requests to waive the right to counsel, the court must inquire into the defendant's background, experience, and conduct to ensure that the waiver is made competently and intelligently. *Id.* Based upon these procedural requirements, there is a basis for this Court to

presume that the court in Tennessee afforded defendant the right to counsel or allowed defendant to properly waive his right.

The Eighth Circuit and other courts hold that "a presumption of regularity ... attaches to final judgments, even when the question is waiver of constitutional rights." *United States v. Coppage*, 772 F.3d 557, 559 (8th Cir. 2014); *United States v. Levering*, 431 F.3d 289 (8th Cir. 2005)("Under the "presumption of regularity," it was permissible for the district court to infer Levering was likewise represented at the time of conviction."); *United States v. Carter*, 444 F. App'x 862, 865 (6th Cir. 2011)("In calculating a defendant's criminal history score, the district court may apply a "presumption of regularity to state court proceedings, even as to the waiver of counsel.") That presumption applies here.

In arguing that Probation improperly imposed criminal history points regarding his 2017 unlawful possession of a controlled substance misdemeanor conviction, defendant fails to provide any affirmative evidence of his claim. He merely asserts, "there is no showing that Defendant was either represented by counsel or that he waived his right to be represented by counsel for this specific offense." (Doc. 32.) This assertion falls short of the burden of proof necessary to overcome the presumption that defendant was provided counsel, or that he waived his right to counsel. *United States v. Wheeler*, 286 F. App'x 3, 4 (4th Cir. 2008)(the district court did not err in overruling defendant's objection where defendant offered no affirmative evidence to rebut the presumption that he had counsel or waived that right). *United States v. Draper*, 380 F. App'x 284, 285 (4th Cir. 2010) ("Draper had to overcome the presumption that the state court

informed him of his right to counsel as it was required by statute to do, and that, if he was not represented, it was because he waived his right to counsel.")[1]

### III. Conclusion

For the foregoing reasons, the Government requests the Court to overrule defendant's objections to the PSR.

Respectfully submitted,
JEFFREY B. JENSEN
United States Attorney

/s/ Anthony L. Franks
ANTHONY L. FRANKS, #50217MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
(314) 539-2200

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties and counsel of record.

/s/ Anthony L. Franks
ANTHONY L. FRANKS, #50217MO
Assistant United States Attorney

---

[1] Alternatively, because defendant did not serve a term of imprisonment for his 2017 unlawful possession of a controlled substance misdemeanor conviction, and defendant did not contest the conviction, Probation can assess criminal history points for this offense. *Ortiz v. United States*, No. 4:07CV1821 HEA, 2008 WL 1913958, at *3 (E.D. Mo. Apr. 28, 2008)(uncontested misdemeanor conviction is countable in the calculation of a defendant's sentencing guidelines where the defendant suffered no imprisonment.)